(No. 3901— )

EVERETT AND DOROTHY BAILEY, Claimants, *vs.* STATE OF
ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

NEIL KERR, for claimants.

GEORGE F. BARRETT, Attorney General; C. ARTHUR
NEBEL, Assistant Attorney General, for respondent.

FISHER, J.

Respondent, through the Department of Public
Works and Buildings, Division of Highways, leased
from claimants two buildings for general storage purposes in connection with the maintenance of highways.

On September 7, 1944, one of the buildings was destroyed by fire. The building was a frame structure 50
feet long, 40 feet wide and 14 feet high on one side and
10 feet on the other. The respondent had possession of
the said property under a lease whereby rent in the
amount of $65.00 per month was paid by respondent.
Upon the land of claimants and adjoining the property
so destroyed, the Division of Highways had set up machinery for weighing, drying and mixing asphalt and
crushed stone and for elevating the mixed materials into
trucks. On September 7, 1944, employees of the Division
of Highways lighted a burner used to heat a kettle for
the purpose of preparing an asphalt mix. After the
burner had been lit for about fifteen minutes, some of
the liquid asphalt was drawn from the kettle because
the molten asphalt was rising. However, the asphalt

continued to rise, and the oil burner was shut off. Before the flame completely died the contents of the kettle boiled over and ignited. Employees of the respondent attempted to quench the fire, without success, and it spread to and destroyed the adjoining building.

Appraisers for the Division of Highways have set the value of the building destroyed at One Thousand Three Hundred Twenty-five Dollars ($1,325.00) and the value of claimants' personal property destroyed at Eight Hundred Eighty-two and 80/100 Dollars ($882.80).

There is no disagreement between claimants and respondent as to the facts or as to the value of the property destroyed.

The record consists of the Complaint, Stipulation, Report of the Division of Highways, Statement, Brief and Argument by claimants and respondent, and copy of Lease.

On consideration of this claim at the May 1945 term of this Court, we concluded that the rights of the parties must be determined from the existing lease and, the lease not being before us at that time, we continued the claim for further evidence. The lease was, thereafter, on May 11, 1945, introduced into the record, and we now proceed to a consideration of the claim from the entire record, including the Lease referred to.

The Attorney General contends that the property of claimants was destroyed by fire resulting from an accident, and that respondent is not legally liable therefor for the reason that the State is not liable for damages caused by the negligence of its employees while engaged in a governmental function. As we pointed out in our original opinion—this contention is, without doubt, correct where the action is founded in tort, but in this case the action is based on a contract, and the rule contended

for by the respondent does not apply. *Large* vs. *State,* 9 C. C. R. 480.

Respondent leased the said premises on March 1, 1942, to continue thereafter until June 30, 1943, unless sooner terminated by Lessee. After June 30, 1943, respondent remained in possession of the same premises, and admits, did so under the same terms and conditions of the written lease. At the expiration of the said lease, respondent held over and continued to pay an agreed increase in rent. The lease provided:

"In consideration of said demise, the Lessee covenants and agrees with Lessor as follows:

(1) "\* \* \*"

(2) "To use and occupy said premises for storage purposes and that lessee will replace at its own expense any glass or fixtures which may be damaged or broken by the lessee or its agents during the occupancy by the lessee of said premises."

Had respondent confined its use of the said premises to the purpose for which it was demised, no recovery could be had by the lessor for its destruction by fire. The liability of the lessee is restricted to the provisions of the lease and, by excluding therefrom liability for damages by fire, it is necessarily implied that no such liability was intended.

However, lessor demised the premises for a specific purpose, "storage purpose," which purpose was not hazardous, and there was little danger of fire damage to the property from such use. It must be considered that had lessor known the use which respondent was to make of the premises, other and additional safeguards could have been taken by lessor to protect his property.

The use of the premises was restricted to storage purposes and not to the hazardous use of heating and mixing asphalt.

"To constitute a restriction upon their use, the lease need not contain an express covenant by the lessee imposing restrictions; a lease for a particular use, or to be used for a particular purpose implies a restriction against other uses."

*Sullivan* vs. *Monahan,* 123 App. 467.

Respondent used the premises for purposes other than that specified in the lease and is, therefore, liable for damages resulting from such misuse.

"If the demised building is leased to be used for a particular purpose, and the lessee, in violation of his contract, uses it for another purpose, he does so at his peril; and if in consequence of such unlawful use the premises are destroyed, the tenant is liable, irrespective of any. question of negligence."

35 C. J. 1221.

It is agreed that the damages sustained by claimants amounts to $2,207.80, less $300.00 recovered from insurance, and claimants are entitled to an award for such damages.

An award is entered in favor of claimants, Everett Bailey and Dorothy Bailey, in the sum of One Thousand Nine Hundred Seven and 80/100 Dollars ($1,907.80).